**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**COREY GADSDEN,**
      **Petitioner,**

v.                                                              **Civil Action No.: 3:18-CV-75
(GROH)**

**JENNIFER SAAD,**
      **Respondent.**

## REPORT AND RECOMMENDATION[1]

### I.    INTRODUCTION

On May 14, 2018, Petitioner initiated this action by filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. ECF No. 1. On June 4, 2018, Petitioner refiled his petition on the Court-approved form and a memorandum in support thereof.[2] ECF Nos. 9, 9-1. On June 25, 2018, Petitioner filed a duplicate copy of the Court-approved form for relief, with a revised memorandum in support thereof attached. ECF Nos. 12, 12-1. Petitioner is currently housed at Atlanta USP.[3] However, at the time of filing his § 2241 petitions, he was located at FCI Gilmer. ECF No. 1, 9, 12. Petitioner is challenging the validity of his sentence imposed in the United States District Court for the Western District of Pennsylvania, case number 2:09-CR-305. ECF No. 12 at 1 – 2. This

---

[1] Unless otherwise noted, ECF citations refer to the instant case, 3:18-CV-75.

[2] By order entered May 15, 2018, Petitioner's initial pleading was struck due to his failure to comply with the Local Rules of Prisoner Litigation Procedure. ECF No. 4.

[3] *Inmate Locator*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/.

matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

## II.     FACTUAL AND PROCEDURAL HISTORY[4]

### A. Conviction and Sentence

On October 27, 2011, a grand jury in the Western District of Pennsylvania, returned a third superseding indictment in criminal action number 2:09-CR-305 against Petitioner and two co-defendants.  The three co-defendants were charged with various controlled substance offenses.  ECF No. 219.  Petitioner was the only defendant charged in all four counts, which alleged: (1) in Count One, conspiracy to distribute and possess with the intent to distribute one kilogram or more or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)(A)(i), and 846; (2) in Count Two, attempt to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), and 846; (3) in Count Three, conspiracy to retaliate against a witness, victim, or informant, in violation of 18 U.S.C. §§ 1513(b)(2) and 1513(f); and (4) in Count Four, possession of a prohibited object while incarcerated, in violation of 18 U.S.C. §§ 1791(a)(2) and 1791(b)(4).  ECF No. 219.

On October 15, 2012, the Government filed an Information pursuant to 21 U.S.C. § 851, which alleged that Petitioner had previously been convicted of two felony drug offenses.  ECF NO. 294.  The Information charged that: (1) on or about May 1, 1997, in

---

[4] All CM/ECF references in Sections II.A, II.B., II.C. and II.D., unless otherwise noted, refer to entries in the docket of Criminal Action No. 2:09-CR-305-1, Western District of Pennsylvania, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

the Superior Court of New Jersey, Hudson County Law Division Indictment No. 2229-12-96, Petitioner was convicted of possession of a controlled substance with intent to distribute within 1,000 feet of school property[5], and was sentenced to a period of five years of incarceration; and (2) on or about January 3, 2008, in the Superior Court of New Jersey, Hudson County Law Division Indictment No. 1980-11-2006, Petitioner was convicted of conspiracy to distribute a controlled dangerous substance[6], and was sentenced to a period of three years of probation.  Id.

On November 6, 2012, Petitioner entered a guilty plea to Counts 1, 2 and 4 of the third superseding indictment.  ECF No. 316.  In the "Tentative Findings and Rulings Concerning Disputed Facts or Factors", entered on June 21, 2013, the Court noted that "the guideline range for imprisonment is 292 to 365 months."  ECF No. 351 at 5, ¶ 12.  However, the parties stipulated and agreed that the appropriate sentence was 240 months.  Id. at ¶ 13.

On September 10, 2013, Petitioner was sentenced to 240 months of imprisonment on each of Counts 1 and 2, with those sentences to be served concurrently with one another, and was ordered to pay a $500.00 fine as to Count 4.  ECF Nos. 359, 360 at 1 – 2, 5.  The sentencing court relied on the post-Booker advisory Guidelines,[7] Petitioner's predicate offenses, and the fact that, "[t]he parties stipulated and agreed that the appropriate sentence in this case [was] a term of imprisonment of twenty years (240 months)."  ECF No. 351 at 4, 5 ¶ 13.

---

[5] This act was a violation of New Jersey Statute § 2C:35-7.

[6] This act was a violation of New Jersey Statute § 2C:35-5(a)(1).

[7] In the "Tentative Findings and Rulings Concerning Dispute Facts or Factors", the Court acknowledged that the U.S.S.G. "are advisory and no longer mandatory in the federal courts."  ECF No. 351 at 2.

### B. Direct Appeal

A review of the docket and PACER shows that Petitioner did not appeal his conviction or sentence.

### C. 18 U.S.C. § 3582 Motion

On December 30, 2014, Petitioner submitted a motion for modification or reduction of sentence, pursuant to 18 U.S.C § 3582(c)(2). ECF No. 366. Petitioner alleged that Guidelines § 2D1.1, the drug quantity table, had been amended under Amendment 782, and that the Sentencing Commission had made those changes retroactive. Id. at 2. Petitioner sought to be resentenced "at or below the new applicable advisory range." Id. at 4.

On April 28, 2015, the Government's response in opposition argued that under Amendment 782 relief was not available to Petitioner under § 3582 because Petitioner was sentenced as a career offender pursuant to § 4B1.1, rather than § 2D1.1. ECF No. 369 at 1. On May 21, 2015, the sentencing court denied Petitioner's § 3582 motion. ECF No. 373.

### D. Post-Conviction Relief through 28 U.S.C. § 2255 Motion to Vacate

A review of the docket and PACER shows that Petitioner has not sought relief under 28 U.S.C. § 2255.

### E. Instant Claims under 28 U.S.C. § 2241

In his amended petition filed on June 25, 2018, Petitioner asserts that he is entitled to relief under the savings clause of 28 U.S.C. § 2255(e), and asserts two claims for relief. First he argues that the New Jersey state predicate drug convictions used to enhance his sentence are broader than the federal definition of "felony drug offense" under 21 U.S.C.

4

§ 802(44) or a career offender enhancement challenge under § 4B1.1. Next, he claims that his New Jersey state predicate armed robbery conviction fails to qualify as a crime of violence for a career offender enhancement under § 4B1.1 of the Guidelines. Id. at 5 – 6. For relief, Petitioner requests the Court vacate his sentence and order his immediate release. Id. at 8.

### III.     LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable

5

merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.  Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

---

[8] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[9] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[10] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>. See <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th

---

[9] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[10] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

Cir. 2000). When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>. <u>Id.</u>

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## IV. ANALYSIS

Petitioner's challenge to his sentence is untimely under the AEDPA one-year statute of limitations. Petitioner's sentence was imposed on September 10, 2013. He did not appeal his conviction or sentence. The one-year statute of limitations began to run on the date on which the judgment of conviction became final. Petitioner does not argue, and nothing in the record suggests that any provision of 28 U.S.C. § 2255(f) has operated to extend or toll the statute of limitations for filing a motion to vacate under 28 U.S.C. § 2255. Thus, Petitioner would have had to challenge his sentence not later than September 24, 2014. This petition was filed on May 14, 2018, and accordingly, falls far outside the one-year statute of limitations.

Because Petitioner's direct appeal rights have expired and Petitioner has not previously filed a § 2255 motion, he may attempt to seek relief under § 2255 provided that he can demonstrate his motion is filed within the 1-year period of limitation mandated under § 2255(f). Alternatively, Petitioner may file a petition under § 2241 relying on the savings clause of § 2255(e). Petitioner's argument does not rely on newly discovered evidence or a new rule of Constitutional law, as required under 28 U.S.C. § 2255(h). Accordingly, it is appropriate that he proceed via a § 2241 petition relying on the § 2255(e) savings clause. However, because Petitioner is challenging his sentence via a § 2241

petition relying on the savings clause of § 2255(e), he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first, second[11], and third[12] prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[13] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or

---

[11] It appears Petitioner did not satisfy the first condition of the second prong of the Wheeler test as he did not file a direct appeal or a § 2255 motion.

[12] It also appears Petitioner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions, as required by the third prong of Wheeler, because he did not file an initial § 2255 motion.

[13] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester court observed that, "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

In this case, Petitioner was sentenced as a career offender under the post-Booker, advisory Guidelines. Regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong. Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition and amended petition [ECF Nos. 9, 12] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should

11

also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 106 S.Ct 466 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 104 S.Ct 2393 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: December 13, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE