IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**COREY GADSDEN,**

       Petitioner,

v.                                                 **CIVIL ACTION NO.: 3:18-CV-75
                                                (GROH)**

**JENNIFER SAAD,**

       Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on December 13, 2019. ECF No. 16. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court deny the Petitioner's petition and dismiss the same without prejudice. The Petitioner timely filed objections to the R&R on January 30, 2020. ECF No. 27. Accordingly, this matter is now ripe for adjudication.

### I. BACKGROUND

On May 14, 2018, Corey Gadsden ("Petitioner") filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The Petitioner subsequently filed a Petition on a Court-approved form [ECF No. 9], which was considered by Magistrate Judge Trumble in his R&R. The Petitioner advances two grounds for which he is being held in violation of the Constitution or laws of the United States. Specifically, the Petitioner asserts that his New Jersey state predicate drug convictions used to enhance his

sentence are broader than the federal definition of a "felony drug offense" under 21 U.S.C. § 802(44) or a career offender enhancement challenge under § 4B1.1; and he claims that his New Jersey state predicate armed robbery conviction fails to qualify as a crime of violence for a career offender enhancement under § 4B1.1 of the Guidelines. ECF No. 12 at 5–6.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and thoroughly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein; however, it will briefly outline the most relevant facts of this case.

In 2011, a grand jury indicted the Petitioner on four counts, including conspiracy and attempt to distribute heroin, conspiracy to retaliate against a witness, victim or informant, and possession of a prohibited object while incarcerated. See ECF No. 16 at 2. Ultimately, the Petitioner pleaded guilty to three of the four counts in the indictment against him. Id. at 3. In the Court's tentative findings and rulings concerning disputed facts or factors, the Court noted that the Petitioner's guideline range for imprisonment was 292 to 365 months. Id. However, the parties stipulated to a 240-month sentence, which the Court honored and imposed on September 10, 2013.

Critically, the sentencing court relied on the post-Booker advisory guidelines. The Petitioner never appealed his conviction or sentence. Similarly, the Petitioner never sought relief through 28 U.S.C. § 2255.

Even construing the Petitioner's objections liberally because the Petitioner is *pro se*, the Court is presented with arguments that were already presented to Magistrate Judge Trumble and rejected. Although the Petitioner frames his arguments as objections,

he simply restates the arguments he made to the magistrate judge and says the magistrate judge was wrong.  Although a detailed analysis by this Court is not necessary for the reasons stated below, the Court will briefly address the Petitioner's "objections."

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984).  Pursuant to this Court's local rules, "written objections shall identify each portion of the Magistrate's recommended disposition which is being challenged and shall specify the basis for such objection."  LR PL P 12.2.

"When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review."  Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).  "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review."  Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).  Courts have also held that when a

party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the Magistrate Judge's R&R. Rather, the objections reiterate the same arguments the Petitioner made in his original filings, which were considered by the magistrate judge when he issued the R&R. Therefore, the Court finds that *de novo* review is not required because the Petitioner has failed to make specific objections that present new facts or arguments not already before the magistrate judge.

Nonetheless, the Court will address some issues raised in the Petitioner's objections. First, the Petitioner concedes that he must meet all four prongs of the Wheeler test for this Court to have subject-matter jurisdiction. See ECF No. 19 at 3. However, the

Petitioner incorrectly asserts that the R&R concedes "the fact that Mr. Gadsden can meet the first, second, and third prongs of the Wheeler-savings clause test . . . ." Id. This is not accurate. The R&R states, "even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect." ECF No. 16 at 10. In footnotes 11 and 12, the R&R further explains that the Petitioner cannot satisfy the second or third prongs because he did not file a direct appeal or a § 2255 motion.

Ultimately, as the R&R concludes, the Petitioner was sentenced under advisory guidelines after Booker was decided, and therefore, the law is clear that he cannot satisfy the Fourth Wheeler prong. The Fourth Circuit has explained in another case, "he was sentenced under an advisory sentencing scheme, and we are hesitant to undermine the judicial system's interest in finality to classify a Sentencing Guidelines error as a fundamental defect." United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015). Although the Petitioner claims Foote, amongst other cases, is not applicable to his claim, he offers no support or legal authority for this contention.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record, applies the appropriate legal analysis and contains no clear error, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 16] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Thus, the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DENIED and DISMISSED**.

This matter is **ORDERED STRICKEN** from the Court's active docket.

The Petitioner has not met the requirements for issuance of a certificate of appealability.  A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484).  Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.  Accordingly, a certificate of appealability **SHALL NOT ISSUE**.

The Clerk of Court is further **DIRECTED** to transmit copies of this Order to all counsel of record and to the *pro se* Petitioner, certified mail, return receipt requested, at his last known address, as reflected upon the docket.

**DATED:** July 2, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE